NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50479 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00496-DMG |
| v. | |
| DIDIER DE NIER, AKA Didier Denier, AKA Didier Gene Theot, AKA Didier Jean Thepot, AKA Didier Jean Charles Thepot, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, U.S. District Judge, Presiding

Argued and Submitted October 4, 2016
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

Didier De Nier was convicted of five counts of wire fraud and one count of

conspiracy to defraud the government in connection with the production of

fraudulent batteries that De Nier's company, Powerline, sold to the Department of

Defense ("DOD") to put in naval warships. As the parties are familiar with the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

facts, we do not recount them here.  We affirm.

1. De Nier contests three of the district court's evidentiary rulings – (1) sustaining the government's hearsay objection that prevented De Nier from denying that he had confessed to knowingly participating in Powerline's fraud, (2) allowing the prosecutor to interject his own credibility at trial by referencing his conversation with De Nier, and (3) admitting into evidence an email advertisement that De Nier had forwarded to a co-conspirator for "the most dangerous book in the world."  Assuming the district court erred in its evidentiary rulings (and it likely did), and that the errors reached constitutional dimension, the errors were harmless.

Under *Chapman v. California*, 386 U.S. 18, 24 (1967), where a trial error results in the infringement of a constitutional right, the government bears the burden to "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."  The court must decide whether a reasonable juror could have relied on the error in deciding the verdict.  An error potentially infringing constitutional rights is harmless and does not require automatic reversal of a conviction when it has "little, if any, likelihood of having changed the result of the trial."  *Id.* at 22.

The evidence admitted legitimately against De Nier was voluminous. Testimony from several former Powerline employees showed that De Nier had

knowingly participated in a scheme to defraud the government. Employees testified that De Nier gave them fraudulent shipping labels for the batteries, taught them to assemble fraudulent batteries, instructed them to put the fraudulent labels on the fraudulent battery packs, explained how to cover markings on the batteries that would otherwise indicate they were fraudulent, and discussed with them that the batteries did not meet temperature requirements specified by the DOD. They also testified that De Nier was in regular contact with his employees and would check in every day while he was away. On cross examination, the government elicited potentially incriminating admissions from De Nier himself indicating that he knew about and was involved in the fraudulent activities. In light of this overwhelming evidence, any errors were harmless beyond a reasonable doubt.

2. De Nier also challenges the amount of loss used to calculate his sentence. In calculating loss under the sentencing guidelines, a district court need only make a "reasonable estimate of the loss, given the available information." *United States v. Ali*, 620 F.3d 1062, 1074 (9th Cir. 2010). The court reviews the district court's factual determination of the amount of loss for clear error. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153-54 (9th Cir. 2012). The parties stipulated at trial to an exhibit calculating the total amount of money paid from DOD to Powerline as approximately $2.6 million. This was a sufficient basis for the court to use in estimating loss.

**AFFIRMED.**

*United States v. De Nier*, 14-50479

Reinhardt, Circuit Judge, dissenting:

I disagree that the refusal to let De Nier refute his supposed confession was harmless beyond a reasonable doubt. A criminal defendant has a constitutional right to testify in his own defense: this right is "essential to due process of law in a fair adversary system," *Rock v. Arkansas*, 483 U.S. 44, 62 (1987) (citation omitted), and is violated when a trial court "arbitrarily excludes material portions" of the defendant's testimony, *id.* at 55. De Nier was denied his only means of disproving that he had confessed to the crimes of which he was accused. As the Supreme Court has instructed, "confessions have profound impact on the jury"; a confession is "probably the most probative and damaging evidence that can be admitted" against him at trial because it comes from the defendant himself. *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991) (citations omitted). Therefore, although there was other evidence presented by the government of De Nier's guilt, I cannot conclude that no reasonable juror would have relied on De Nier's uncontested confession in finding him guilty.